# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ODELL CLEAVEN MINES, JR.,** | )<br>) |
| Plaintiff, | ) Case No. 7:15CV00639<br>) |
| v. | ) **OPINION**<br>) |
| **ROCKINGHAM REGIONAL JAIL, ET AL.,** | ) By: James P. Jones<br>) United States District Judge<br>) |
| Defendants. | ) |

*Odell Cleaven Mines, Jr., Pro Se Plaintiff.*

The plaintiff, proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that a local jail failed to forward information to the Virginia Department of Corrections sentencing officials ("VDOC") about jail time served. Upon review of the complaint, I find that the lawsuit must be summarily dismissed without prejudice.[1]

Mines alleges that the VDOC has not credited against his criminal sentence the weeks he served at the Rockingham Regional Jail on his criminal charges between January and April 2012. He blames this discrepancy on the jail records officer's alleged failure to forward all relevant custody information to the VDOC. Mines sues the jail and the records officer, seeking monetary damages.

---

[1] The court must dismiss any action filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

"[A] prisoner cannot use § 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994). In other words, "a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81-82. Thus,

> to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . .

*Heck*, 512 U.S. at 486-87 (footnote omitted). Absent such a showing, the § 1983 action must be dismissed. *Id.* at 487.

If Mines could prove that the records officer took actions that caused Mines to be denied credit against his prison term for jail time he had served before sentencing, such a finding would necessarily imply that the currently calculated length of Mines's term of confinement is in error. Because Mines offers no evidence that this term of confinement has been overturned, expunged, or otherwise invalidated by any state authority or court, any § 1983 cause of action

for damages which he may have against anyone for allegedly wrongful actions that contributed to the challenged calculation of the term is barred. *See, e.g., Royal v. Durison*, 254 F. App'x 163, 165 (3d Cir. 2007) (unpublished) (holding that *Heck* barred state inmate's claim that miscalculation of jail credits caused him to be incarcerated beyond statutory maximum sentence); *Hassler v. Carson Cty.,* 111 F. App'x 728 (5th Cir. 2004) (unpublished) (holding *Heck* barred prisoner's claim for damages based on officials' alleged failure to credit him with jail time served). For the stated reasons, I will dismiss Mines's claims without prejudice under § 1915A(b)(1) as frivolous.

A separate Final Order will be entered herewith.

DATED: December 1, 2015

/s/ James P. Jones
United States District Judge